**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-1579

ALEMAYEHU WOLDEMARIAM,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A24-601-749)

Submitted: March 6, 2006          Decided: March 17, 2006

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Allan Ebert, LAW OFFICES OF ALLAN EBERT, Washington, D.C., for Petitioner. Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Eric W. Marsteller, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Alemayehu Woldemariam, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal of an Immigration Judge's order denying him a waiver of inadmissibility under § 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c).

On appeal, Woldemariam argues that a July 17, 2001 in absentia order of removal was implicitly rescinded when the Immigration Judge accepted his application for a § 212(c) waiver and thus he is in fact a lawful permanent resident eligible for the waiver. We find no evidence in the record that the July 17, 2001 order of removal was ever rescinded. Thus, Woldemariam was no longer a lawful permanent resident and was not eligible for the § 212(c) waiver. Accordingly, Woldemariam's contention lacks merit.

Woldemariam further asserts that the court violated his due process rights when it determined that he was ineligible for the § 212(c) waiver and § 212(a)(2)(A)(ii) petty offense exception based on the allegation of multiple convictions for which he was never charged in the Notice to Appear. This argument is also without merit. First, the denial of a request for a waiver of inadmissibility pursuant to § 212(c) cannot constitute a due process violation, because an alien has no constitutionally-protected liberty or property interest in the "right" to

discretionary relief.  See Smith v. Ashcroft, 295 F.3d 425, 429 (4th Cir. 2002).  Moreover, Woldemariam's application for a § 212(c) waiver was denied because he was not a lawful permanent resident, not because he allegedly had multiple convictions. Finally, Woldemariam was denied eligibility for the § 212(a)(2)(A)(ii) exception because he faced a maximum of five years in prison for his forgery conviction, not because of multiple convictions.

Accordingly the petition for review is denied.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED